## McMECHAN vs. HOYT.

The defendant in attachment pleaded in abatement, that the plaintiff did not file an attachment bond before suing out his writ; the plaintiff replied, setting out a bond purporting to be executed by S. and C., the defendant rejoined that the bond was not the deed of said C.: the proof showed that the bond was the deed of C. alone, but sufficient to indemnify the defendant: HELD, That the true issue was, whether a good and sufficient bond had been filed, and not whether it was the bond of S. and C.

*Appeal from the Sebastian Circuit Court.*

Hon. FELIX J. BATSON, Circuit Judge.

S. F. CLARK, for appellant. One responsible obligor to the bond is sufficient—the statute does not require two. See *Digest*, *ch.* 17, *sec.* 5; and a bond is good, executed by securities alone. See *Taylor vs. Richards*, 4 *Eng.* 378. The substance of the issue, viz: the sufficiency of the bond, was therefore sustained by proof of its execution, by one of the obligors; even if the

rejoinder was good without being sworn to. But it was objected that the issue upon the traverse of the rejoinder excluded such proof, and made it obligatory upon the plaintiff to prove its execution by both the obligors ; and such was the decision of the court below; for the proof shows, conclusively, that the bond was executed by one of the obligors, and that he was abundantly responsible. Whether the issue could have been found in accordance with the proof, or not, the judgment of the court was erroneous ; for if it could, the judgment ought to have been for the plaintiff upon the evidence, and if not, then it ought to have been that the parties replead.

Mr. Justice WALKER delivered the opinion of the Court.

This is an action of assumpsit by attachment. The defendant pleaded in abatement of the suit, that it was brought without first having filed a bond to indemnify the defendant against loss or damage, by reason of suing out the writ of attachment, as required by statute. To which, the plaintiff filed three replications : the first and third of which were stricken out. The second replication set forth a penal bond, conditioned as required by the statute, purporting to be executed by James P. Spring, and Solomon F. Clark, as securities for the plaintiff, and averring that it was their deed, accepted and filed by the clerk, before the writ issued, and that such securities were solvent, and well able to pay the penalty of the bond, or any damages that might accrue to the defendant by reason of a breach of the conditions thereof.

To this replication, the defendant rejoined, that the bond set forth in plaintiff's replication, was not the deed of said Clark & Spring, and concluded to the country. The issue thus made, was submitted to the court, by consent of parties, sitting as a jury, upon the following evidence :

Plaintiff offered to read a paper, purporting to be the bond of Clark & Spring, and which in all respects, appeared to be a good statute bond, filed in proper time ; but the defendant objected to

the reading of the bond, as evidence, until the execution thereof was proven.   Which motion, the court sustained; and, thereupon, the plaintiff introduced James P. Spring as a witness, who testified, that the names of Solomon F. Clark, and James P. Spring, subscribed to the bond, were in the handwriting of the said Clark; that witness and Clark were partners in the practice of law: that he, witness, had given Clark permission to subscribe his name to attachment bonds, whenever he saw fit, and that he and Clark were in the habit of signing each other's names to such bonds.   That witness and Clark were attorneys in the case, and prosecuting the suit.   That first before the suit was commenced, Clark had stated to witness that this suit was about to be commenced, and that it would be necessary for witness and himself to become bound in such bond, as securities for the plaintiff, and that witness then gave Clark full, express, and legal authority to execute the bond and sign his name to it.   That he, witness, was not present when the bond was executed and filed in the clerk's office, nor did he see the bond until some time after; that he, at all times since, and yet does recognize it as his bond, executed in pursuance of the authority given to Clark.   That witness and Clark were always abundantly sufficient securities in the bond, and responsible for the whole amount of the penalty of the bond : and that Clark alone was abundantly sufficient and responsible for the amount of the penalty of the bond.

Upon this evidence, the Circuit Court decided, that the bond was not the deed of Clark & Spring; and, therefore, that the bond could not be received in evidence, and disregarding the same, adjudged that the writ be quashed, and that defendant go hence, with costs, &c.

The plaintiff moved for a new trial, which was overruled; and, thereupon, excepted.

The Circuit Court seems to have decided against the plaintiff upon the ground, that inasmuch as the plaintiff had replied and set up a bond executed by both Spring & Clark, and as the defendant had rejoined, denying the execution of the bond by

them, it devolved upon the plaintiff to produce, and prove, a bond executed by both of them, to sustain the issue on their part; and because, in the opinion of the Court, whilst there was abundant and clear proof that it was the deed of Clark, and that he, without Spring, was amply sufficient security, the proof was not sufficient to prove the execution of the bond by Spring also; and, for that reason, that the bond was inadmissible under the issue. In this, we think the Circuit Court was mistaken. The defence was, that the plaintiff had filed no sufficient bond before suing out his writ of attachment. Whether those executing the bond were many or few, or whether, by principal and securities, or by securities alone, was wholly immaterial, if the security was sufficient. *Taylor vs. Hoffman*, 5 *Eng*. The sufficiency of the bond, the valid security, was the substance of the matter. And it is very well settled, that in a suit upon the bond, even if it had turned out upon an issue upon a plea of *non est factum*, by one or more of the defendants, that it was not their deed, and that they were not bound by it; still, judgment in their favor, upon such issue, would not discharge the other defendants. Such was the express decision of this court in *Ferguson et al. vs. Bank*, 6 *Eng*. 512. Our statute placing joint contracts, and joint and several contracts, upon the same footing, has changed the common law rule, and makes joint contractors severally liable. If, then, upon a direct suit upon this bond, declaring upon it as the deed of all the parties, the proof, in this case, would have been sufficient to entitle the plaintiff to recover against Clark, and he is shown to be good, can it be said that the same evidence is not sufficient in this case to prove that there was a valid, sufficient bond filed before suit brought? We think not.

When the defendant complained that no bond had been filed, as required by statute, the plaintiff replied that such bond had been filed, and set it forth. The defendant was therefore left no alternative, but to take issue upon the replication, and that, too, according to the defence set up by himself. From that, he could not depart. The true issue was, bond or no bond, and not

whether it was executed by Clark & Spring, or by Clark alone. The same strictness in describing the instrument, if sued upon, is not required in replying to a plea, denying the existence of a bond; because, the reasons, which require such strictness, do not apply. The question of former recovery can never arise; but, even if tested by the strictest rules of pleading, the evidence would still have been sufficient; because, the number of the securities in this instance, was not a material matter in the issue.

It is laid down by CHITTY, (*Pleadings, vol.* 1, *p.* 685,) that if the plaintiff vary in his replication from his count, or the defendant in his rejoinder from his plea, in time, place, or other matter, when immaterial, it is not a departure. As if, in a declaration, a promise be stated to have been made twenty years ago, and when the defendant pleads the statute of limitations, the plaintiff replies that the defendant did undertake within six years, it was held not to be a departure; because, in the case stated, time in the declaration was immaterial. So, in the case of a deed, or other instrument, the plaintiff may reply or show in evidence, that it was really made on a day different from the day of the date. And so in this case the whole scope of the rejoinder was to put in issue the existence of a valid statute bond, filed before the writ of attachment issued; and, if such was not its effect, then it tendered an immaterial issue, which, when found by the verdict of the court, would not determine the merits of the controversy, and would leave the court at a loss for which of the parties to give judgment. See 1 *Chitty's Pleadings* 692.

The rejoinder put in issue the existence of a sufficient bond. It denied that Clark & Spring executed such a bond. If the bond of either of them, and sufficient, it was a sufficient bond, and the plaintiff sustained the issue on his part. See 1 *Saunders Rep.* 312, *note* 5; *Cobb vs. Byrne,* 3 *Bos. & Pul.* 348. The case, when thus considered, presents no difficulty. The issue was fully sustained by the proof, because, although not the bond of both Clark & Spring, it was the bond of Clark; and being formal, and approved by the clerk, and filed in proper time, and he being

solvent, and of himself sufficient security, the court should have permitted the bond to be read in evidence ; and, under the evidence, there can be no doubt, but that the decision and judgment of the court should have been for the plaintiff.

The Circuit Court, therefore, erred in refusing to set aside the verdict and finding of the court, and to grant the plaintiff a new trial; and, for this error, the judgment must be reversed, and the cause remanded, with instructions to grant a new trial to the plaintiff; and for futher proceedings to be had, according to law, and not inconsistent with the opinion herein delivered.